### In re BECKWITH.

(Circuit Court of Appeals, Seventh Circuit. November 15, 1912.)

No. 1966.

MANDAMUS (§ 47*)—SUIT FOR INFRINGEMENT—ACCOUNTING—PROCEDURE.

Leave granted to a complainant in a suit for infringement to file a petition for an alternative writ of mandamus to present the question whether, on an accounting before a master, he was entitled to require defendant to submit sworn statements of account under equity rule 79 (29 Sup. Ct. xxxvi) which right was denied by the District Court.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 93, 94; Dec. Dig. § 47.*]

In the matter of the application of Arthur K. Beckwith for leave to file a petition for an alternative writ of mandamus. ˙ Leave granted.

Harry C. Howard, of Kalamazoo, Mich. (Fred L. Chappell, of Kalamazoo, Mich., of counsel), for petitioner.

A. L. Morsell, of Milwaukee, Wis., and Samuel W. Banning and Walker Banning, both of Chicago, Ill., opposed.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

PER CURIAM. Application is presented on behalf of the complainant for leave to file a petition for an alternative writ of mandamus, 'to enforce proceedings for an accounting for infringement of his patent, pursuant to the mandate of this court, on affirmance of a decree in his favor, in the case entitled Malleable Iron Range Co. v. Beckwith, 189 Fed. 74, 110 C. C. A. 638. It appears that the matters of accounting thereupon have been referred by the trial court to a master; that such master issued a summons under equity rule 79 (29 Sup. Ct. xxxvi), requiring the defendant to submit sworn statements of account (3 Foster's Fed. Prac. 2264), as specified in the summons; that the defendant had produced and tendered books of account and records, but refused to make and submit the required statements of account, and moved to quash the summons; that the master denied the motion to quash, and certified to the District Court the question of enforcement of the order, as for contempt; .and that thereupon the District Court overruled the master's requirement of sworn statements, stating that equity rule 79 was "entirely inapplicable" thereto, and directed that the "summons be quashed and the accounting proceed" accordingly.

---

The ruling thus stated obviously withholds from the complainant submission on the part of the defendant of statements of the account of infringing matters in any form, other than the above-mentioned tender of the general books of account, so that the primary issue to be raised by the proposed petition for the writ is whether the petitioner is entitled to the benefits of the above-mentioned equity rule. If that rule is applicable to require such statements in the accounting referred to, we believe no remedy is open to the petitioner for its enforcement, otherwise than through the writ of mandamus. The objections, therefore, to entertainment of the petition are overruled, but all questions upon the merits can be determined only when the issues are joined and submitted. With no disputed facts, it is probable that the pleadings can present the questions, both of applicability of the equity rule and of substantial rights involved therein, for hearing before the commencement of the January session of this court.

Leave is granted, accordingly, to file the petition within 10 days, so that issues may be joined for an early hearing.