In re KINNEY.

(Circuit Court of Appeals, First Circuit. January 22, 1913.)

No. 981.

COURTS (§ 344*)—FEDERAL COURTS—RULES—FORMS OF PROCESS.

The form of original writs in the federal courts in the District of Massachusetts, fixed by Act Sept. 29, 1789, c. 21, § 2, 1 Stat. 93, and made returnable on the first day of some term fixed by statute in accordance with the then practice in the courts of the state of Massachusetts, remains, notwithstanding a subsequent statute of Massachusetts modifying

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the form of writs; and, as the statutory return day of writs is the first day of some term appointed by statute, the District Court may refuse to direct the issuance of a writ returnable at another day.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Gall, 27 C. C. A. 392.]

Petition by Robert D. Kinney for a writ of mandamus to the judge of the United States District Court for the district of Massachusetts. Dismissed.

Robert D. Kinney, of Philadelphia, Pa., pro se.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. This is a petition for writ of mandamus to the judge of the United States District Court for the district of Massachusetts. The petition was filed, an order to show cause issued, and an answer was returned. For sufficient reasons we accepted from the petitioner a typewritten copy of the record. We find the record more voluminous than we expected. The petitioner has been so thoughtful as to preface it with an index, but apparently there are some errors in the paging, so that we are not sure that we may not have overlooked some propositions, because it is impossible to be entirely certain with reference thereto without reading the entire typewritten copy, which is not practicable with our other engagements as judges of the Circuit Court of Appeals.

The main ground for complaint is that the petitioner offered to the judge of the District Court a formal request that either the court or judge should direct the clerk to issue what is called a "writ of summons in contract," and also a writ which might perhaps have been framed as a judicial writ, but which was in fact framed as an original writ and described as a "scire facias sur judgment." The frame of these writs was presented to the court or judge, with a request that the clerk be directed to issue and seal them. This request was refused. Both were on their face dated the 28th day of February, 1912, and made returnable "before our justices of our District Court next to be holden at Boston, within and for our district of Massachusetts, on the first Monday of April next." The only statutory terms, however, of the District Court for the Massachusetts district are opened on the third Tuesday of March, the second Tuesday of May, the fourth Tuesday of June, the second Tuesday of September, the first Tuesday of December and the second Tuesday of December, and there is no statutory term opening on the first Monday of April, 1912. Consequently the judge of the District Court refused to issue the order requested, among other reasons because the proposed writs "were not made returnable at the proper return day." It is not necessary for us to examine the reasons given by the judge of the District Court beyond this, because this was a sufficient reason for his refusal.

For the present purposes a sufficient statement by the petitioner of his case is as follows:

"This application is by motion on petition and pleadings filed for judgment and order that peremptory mandamus issue commanding the respondent, as judge of the District Court for the district of Massachusetts, to instruct the clerk of his court to issue, on petitioner's application, the process of summons in an action of contract, and also a writ of scire facias, the clerk, under respondent's direction, having refused to issue such process on petitioner's application therefor.

"The desired process is based on a judgment that was rendered in the late Circuit Court of that district upwards of one year prior to petitioner's application heretofore made for it, but the docket entries and minutes and record of which judgment, and the proceedings leading up to it, the clerk of court has neglected to make up. The petitioner also prays that the respondent be commanded to direct the clerk of court to make up such record nunc pro tunc from the papers filed by the marshal and plaintiff in the course of his prosecution of the action in which judgment was rendered."

The substantial difficulty seems to be that the petitioner has confused the practice in the various districts of Pennsylvania, or in some other districts, with the practice as to the return of original writs in the district of Massachusetts. From the beginning, all original writs in the district of Massachusetts have been made returnable on the first day of some term fixed by statute, and are required to bear teste some days sufficiently in advance of such return days to afford opportunities for service, in accordance with law, on the parties against whom they are issued. The practice has never been changed since the organization of the federal courts in this circuit.

The rule is shown in Howe's Practice, at pages 98, 99, 130, 131, as published in 1834 from the lectures of Judge Howe, delivered at his law school at Northampton. That gives the settled practice to the effect that all original writs from the superior courts of judicature "should be made returnable at the next succeeding term of the court, if issued a sufficient number of days before its sitting, to allow legal service to be made, otherwise at the next following term," that service on individuals must be made 14 days at least before the day of the sitting of the court to which returnable, and that regularly each writ should specify the day of the week and the week of the month when the court is to be holden. Although, of course, errors in these details as to the week and the day of the week were always amendable, yet the fact that they are primarily required shows how specific and peremptory the law is in requiring writs to be made returnable on the first day of some term of the court to be held in accordance with the statute.

The result of this practice is in accordance with the statutes of Massachusetts as they existed at the time of the organization of the federal courts. The act of October 30, 1784 (chapter 28), gave in full the forms of the various original writs strictly in accordance with what was said by Judge Howe, containing the words "next to be holden," with blanks which, when filled, specified, not only the day of the week, but the week when the term to which the writ was returnable was to commence, although not precisely verbatim in that form. With some provisions authorizing the court to modify the forms of writs,

this fixed return day remained the law of Massachusetts until, as we understand, 1885, when the Legislature introduced a modification in reference thereto, making the first Monday of every calendar month a return day.

On the other hand, according to section 2 of the act of September 29, 1789 (1 Stat. 93, c. 21), forms of writs in the matter we are discussing, in the Circuit and District Courts, in suits at law, were fixed to be the same in each state, respectively, as then "used or allowed" in the Supreme Courts of the same state. There is no statute of the United States which changed this provision of law, except that section 7 of the act of March 2, 1793 (1 Stat. 335, c. 22), authorized the courts to make rules and orders directing the returning of writs and processes. This is now found in section 918 of the Revised Statutes (U. S. Comp. St. 1901, p. 685). It is true that section 5 of the act of June 1, 1872 (17 Stat. 197, c. 255), now found in section 914 of the Revised Statutes (U. S. Comp. St. 1901, p. 684), directed "that the practice, pleadings and forms and modes of proceeding in civil cases" should conform to the existing practice of the state within which each court is situated. Yet, as decided in Boston & Maine Railroad v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002, the question we have here is governed by the law found in section 918 of the Revised Statutes, and is not controlled by section 914; so that in that particular case it was directly decided that the practice of the Circuit Court for the district of Vermont in reference to the form of writs, was determined by an old rule of that court, and was not affected by the act of 1872, as found in section 914 of the Revised Statutes. This is precisely the proposition we have here.

The forms of original writs of the federal courts in the district of Massachusetts, as fixed by the law of 1789 which we have cited, have never been changed by any rule in that district. On the other hand, the practice has been so uniform on the old methods as to obviate the suggestion of any change or intended change in the Massachusetts district in that respect. In fact, the rules of the Circuit Court, now the rules of the District Court, for the district of Massachusetts, are framed upon the theory that the return day of the writ is the first day of some term appointed by statute. An original writ returnable at any other day would be entirely out of adjustment with those rules; as, for example, rule 7, par. 2, provides that "all actions by writ shall be entered within the first two days of the return term, and not afterwards," unless by agreement or special order; and rule 8 directs that "all pleas and motions in abatement or to the jurisdiction" shall be filed "within two days after the return day of the writ." A more crucial example is found in paragraph 3 of rule 9, which specifically is framed under section 918 of the Revised Statutes, and gives express directions about "forms of executions and other final process," with no reference to original writs, thus, by the rule of interpretation by implication, making clear that any suggestion of changing the form of original writs is excluded. In various other ways the rules adjust themselves to the ancient, and what may be called the historic, practice with reference to return days of original writs; but it is plainly not necessary to go

further in that direction. Consequently, it follows beyond question that, in the framing of original writs with reference to return days, the return day must be on the opening day of some term of the District Court fixed by statute, and that the order of the District Court, or of the judge thereof, which we are asked to reverse, was correct.

Apparently the petitioner has confused the present practice of the state courts of Massachusetts with the historic practice of the federal courts in the district of Massachusetts, and has assumed by a misunderstanding that the rules governing these questions in the various districts of Pennsylvania, and elsewhere, extend to this district. The petition asks us to require the District Court to direct its clerk with reference to making up certain records; but, in view of our conclusions on the main point, we find it unnecessary to pursue the matter further, in accordance with the rules just laid down by us in Re Welch Co., Petitioner, 201 Fed. 519, January 6, 1913.

The petition is dismissed, with costs for the respondent.