KINNEY v. PLYMOUTH ROCK SQUAB CO.

(Circuit Court of Appeals, First Circuit. June 12, 1914.)

No. 1057.

1. COURTS (§ 354*)—RULES OF COURT—ISSUANCE OF WRITS.

Under Circuit Court rule 2, providing that actions by writ shall be entered within the first two days of the return term, and not afterwards, unless by agreement of the parties or by order of court on such notice as the court may direct, enacted pursuant to Rev. St. § 918 (U. S. Comp. St. 1901, p. 685), authorizing the Circuit Court to make rules directing the returning of writs and processes, a plaintiff, causing the issuance of a writ of attachment on October 14th made returnable on December 6th following, while the court had under statute two terms commencing on the last Tuesday of February and on the third Tuesday of October, is not entitled as a matter of right to have his writ entered while the October term is in session; and, in the absence of an agreement of the parties or order of the court authorizing its entry at that term, the clerk may refuse

to enter it on the records of the court and to enter judgment for plaintiff.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 934; Dec. Dig. ·§ 354.*]

2. COURTS (§ 354*)—RULES OF COURT—ENTRY OF WRITS.

A plaintiff, to obtain a default judgment, must comply with the statute and the rules of court, and until a writ is duly entered in court and the time has elapsed within which defendant should appear, no default or judgment by default can lawfully be entered against him.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 934; Dec. Dig. § 354.*]

In Error to the District Court of the United States for the District of Massachusetts; Clarence Hale, Judge.

Action by Robert D. Kinney against the Plymouth Rock Squab Company. There was a judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 213 Fed. 449.

John S. Patton, of Boston, Mass., for defendant in error.

Robert D. Kinney, of Philadelphia, Pa., pro se.

Argued before BINGHAM, Circuit Judge, and ALDRICH and MORTON, District Judges.

BINGHAM, Circuit Judge. This is an action on an alleged judgment said to have been recovered by Robert D. Kinney against the Plymouth Rock Squab Company, in the Circuit Court of the United States for the District of Massachusetts, December 27, 1909, for the sum of $19,026.98, with interest, and costs taxed at $55.24. In the District Court judgment was entered for the defendant, and the case is now here on the plaintiff's bill of exceptions. The issue tried in the court below was whether the plaintiff had obtained a judgment against the defendant as set out in his declaration; and the errors assigned are to the finding and ruling of the court that he had not, and to its refusal to rule in accordance with certain requests of the plaintiff.

It appears from the evidence that on October 14, 1909, Kinney caused a writ of attachment to issue against the defendant, in which the ad damnum was placed at $18,309.84, returnable before the Circuit Court of the United States for the District of Massachusetts on the first Monday of December following, to wit, December 6, 1909; that on October 26, 1909, the writ was served upon the defendant, together with a declaration, in which it was alleged that the plaintiff had been damaged by the defendant's fraudulent conduct in the sum of $18,309.84; that on or before December 6, 1909, the plaintiff left, or caused to be left, with the clerk of the court the writ, the declaration, and an order directing the entry of the action and the entry of his appearance; that on December 20, 1909, the defendant not having entered its appearance, the plaintiff instructed the clerk to record the defendant's default; and that on December 27, 1909, he sent to the clerk a written motion for entry of judgment, with directions to assess the plaintiff's damages at $19,026.98, as per an inclosed statement.

The clerk declined to enter the action, record a default, assess the damages, or enter judgment, on the ground that the writ was made returnable on a day other than the first day of some statutory term of the court, as required by its rule.

On the first day of the February term of the court, which was the next term after the service of the writ, the clerk caused the writ to be entered, and the following day the defendant appeared and filed a demurrer and answer. The question, therefore, is whether the District Court erred in finding and ruling that on the evidence as presented by this record the plaintiff had not obtained a judgment, and that the present action could not be maintained.

[1] In 1909, when the writ in question was issued and the judgment is alleged to have been obtained, a statute of the United States, approved May 14, 1902, provided that the two terms of the Circuit Court, holden at Boston, in the District of Massachusetts, should commence on the last Tuesday of February and the third Tuesday of October. Act May 14, 1902, c. 790, 32 Stat. 199. From the year 1812 down to that time, the regular terms of the Circuit Court for the Massachusetts District had been fixed by statute to commence on the 15th day of May and the 15th day of October, except when either of said dates should fall on Sunday, in which case the term was to commence on the following day. U. S. Rev. Stat., chap. 8, § 658 (U. S. Comp. St. 1901, p. 530).

By section 918 of the Revised Statutes, it is provided that the several Circuit and District Courts may from time to time—

"make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

By rule 7, par. 2, of the Circuit Court, which conforms to the practice in this circuit since the organization of the federal courts, it is provided that:

"All actions by writ shall be entered within the first two days of the return term, and not afterwards unless by agreement of the parties or by special order of the court or judge, and, in the latter case, on such additional notice to the defendant or defendants as the court or judge may order, to be served by the marshal or his deputy and due return made thereon."

In the case of In re Kinney, 202 Fed. 137, 120 C. C. A. 315, decided by this court January 13, 1913, it was pointed out that the provisions of this rule and the practice since the organization of the court were in conformity with the early practice in the state court; and, following the decision in Boston & Maine Railroad Co. v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002, it was held that, the Circuit Court having, under section 918 of the Revised Statutes (U. S. Comp. St. 1901, p. 685), adopted such a rule conforming to the early state practice, it was not bound to alter the rule so as to conform to subsequent alterations made in the state practice; that "in the framing of original writs with reference to return days, the return day must be on the opening day of some term of the District Court fixed by the statute"; and that a writ of mandamus could not be maintained to compel the

judge of the District Court to direct his clerk to issue and seal a writ made returnable at some other day than a regular return day.

[2] Now, as it appears that the writ in question was not made returnable to the October term of the Circuit Court (and in view of the date of service could not have been), and was not in fact returned to court until on or about December 6th, it is manifest that the plaintiff was not entitled as matter of right to have his writ entered while that term was in session; and, there being no agreement of the parties or special order of the court authorizing its entry at that term, that the clerk was justified in declining to enter it upon the records of the court. To obtain a judgment by default a plaintiff must comply with statutory requirements and rules of court, and until a writ is duly entered in court the defendant is in no way remiss in refraining from entering an appearance; and until a writ is duly entered, and the time has elapsed within which a defendant should appear, no default or judgment by default can lawfully be entered against him. It is unnecessary to consider the matter further. It is evident that the plaintiff in this case has not obtained a judgment against the defendant, as alleged in his declaration, and that the action cannot be maintained. We have carefully examined the exceptions taken by the plaintiff to the rulings of the District Court, and to its refusal to rule in accordance with the plaintiff's requests, and are satisfied that they cannot be sustained.

The judgment of the District Court is affirmed, and the defendant in error recovers its costs in this court.