### CITY OF BOULDER v. LEWIS, Judge.

Circuit Court of Appeals, Eighth Circuit.
October 17, 1927.

No. 316, Original.

1. Appeal and error ⬅️781(4)—Appeal held properly denied when delay had rendered question moot.

The receiver for an interurban railroad, appointed in a foreclosure suit, was directed by order of the court to abandon operation of the road, which was afterward sold in parcels to a number of purchasers and the sale confirmed. Subsequently, and after the purchasers had taken possession and partially dismantled the property, a city which was affected by discontinuance of operation and had become a party by intervention, made application for appeal from the order of discontinuance, not making the purchasers parties nor filing supersedeas bond. *Held*, that appeal was properly denied, since the questions raised had become moot, the court being without power to direct further operation if its order should be reversed.

2. Mandamus ⬅️16(1)—Writ will not be granted to compel futile act or determine moot question of law.

Writ of mandamus is discretionary within certain limits, and will not be granted to compel a futile act or to determine purely moot proposition of law.

Mandamus. Petition by the City of Boulder against Robert E. Lewis, Circuit Judge, for writ of mandamus. Denied.

Frank L. Moorhead, of Boulder, Colo., for petitioner.

H. M. Langworthy, of Kansas City, Mo. (Edwin S. S. Sunderland and Davis, Polk, Wardwell, Gardiner & Reed, all of New York City, on the brief), for Guaranty Trust Co. as trustee.

Cass M. Herrington, of Denver, Colo., for receiver.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. This is a petition for leave to file a petition for mandamus against Judge Lewis to compel him to grant an appeal to the city from an order entered by Judge Symes December 11, 1926, in equity cause No. 8244, Guaranty Trust Company of New York v. Denver & Interurban Railroad Company, a foreclosure proceeding pending in the District Court of Colorado. Judge Lewis has filed a statement of his reasons for refusing the appeal and the receiver and the Guaranty Trust Company have filed briefs and presented arguments in opposition to the petition for leave. The matter has been fully and ably presented by all parties.

[1] The main action was a foreclosure proceeding by the Guaranty Trust Company which was trustee under a mortgage securing bonds issued by the Denver & Interurban Railroad Company. A receiver was appointed therein and took possession as of midnight, August 31, 1926. Very shortly after taking possession, the receiver filed an application for instructions setting forth that the property for more than three years prior thereto had increasingly failed to earn operating expenses and that the operating expenses then due exceeded the revenue on hand and that he could not borrow any money

therefor from any source. In its essence, the application was as to whether operation of the property should be abandoned.

Shortly thereafter, the city of Boulder and other towns upon the line of the road presented petitions for intervention in opposition to this application of the receiver. These interventions were allowed. The city of Boulder thereafter filed what is termed an answer in opposition to the application of the receiver. In its intervening petition and in its answer to the application, the city challenged the jurisdiction of the court to enter an order abandoning service on the grounds that such matter must first be submitted either to the Colorado Public Utilities Commission or the Interstate Commerce Commission and that to permit such abandonment would violate a franchise contract between the road and the city.

The application, interventions and answers were referred to a master and hearings had thereon. On December 11, 1926, the court entered an order dismissing the interventions and denying the answers on the ground that the city had no interest in the subject of the litigation and directed that the receiver abandon operation as of December 15, 1926. January 12, 1927, an order of sale under the foreclosure was made which was later affirmed. The sale was had on February 16, 1927, and the property was sold in eleven parcels to four separate purchasers. The sale was confirmed February 21, 1927, deeds promptly executed in pursuance thereof and the purchasers entered into possession and much of the road was dismantled by them. March 8, 1927, the city presented to Judge Lewis, in the absence of Judge Symes, its application for appeal accompanied by assignment of errors and an appeal cost bond for $500. This appeal was entitled in the cause as it then existed, did not seek to have the purchasers made parties thereto and the bond ran to the Guaranty Trust Company of New York, the receiver and the Denver & Interurban Railroad Company and none other. There was no supersedeas bond at all. The appeal was denied by Judge Lewis and it is because of that denial that this proceeding is instituted.

The city, through its intervention and answer to the application of the receiver, was made a party to the proceeding, bound by all orders thereafter made and with the right to seek review of any final orders affecting its rights. We have no doubt that the order abandoning service was a final order and that it substantially affected the rights claimed by the city. Therefore, it was an appealable

order and the city had the right to appeal for the purpose of having that order reviewed.

Thereafter, a decree of sale under the foreclosure was entered, the sale made and confirmed. The city made no opposition to the sale or the manner of sale (in separate parcels) nor did it seek to have such sale conditioned upon the future operation of the road by the purchasers. After the property had been delivered to the separate purchasers under a sale which, of necessity, would result in dismemberment and dismantling thereof and after such action had been partially taken by such purchasers, the city filed its application for this appeal and without seeking to make such purchasers parties thereto so that they might be bound thereby. Thus, the situation at the time the application for appeal was made was that the receiver had, under valid orders of the court which are not here challenged, parted with all of the property which could be used in operating the road and he was powerless to continue such operation.

Several reasons are urged by the receiver and trustee why this petition should not be filed. Two of these are well founded, making it unnecessary to consider any others. These two can be considered together. They comprehend, really, but one proposition which may be stated as follows: That any determination of an appeal, if allowed, would be purely moot without any benefit to the city. It is urged that such result must follow because the purchasers are not made parties and, therefore, could not be bound by such determination and because the receiver is powerless to operate the road as he has parted with possession and title thereto under valid orders of the court which are unchallenged. We think this reasoning is sound. Under the order here involved, the only actual abandonment by the receiver was from December 15, until delivery of possession to the purchasers on February 21st following. The city gains nothing from an appeal unless it secures resumption of operation and that is the only end it seeks. Of the parties sought to be made appellees, the railroad company has no property; the trustee never had and the receiver ceased to have any property before the application for the appeal was filed. Therefore, none of the parties who could be bound by an order of this court made on such appeal could possibly comply with an order to resume service or be in fault for failing to do so and none of them has relinquished power of performance except upon valid orders of the court,

not appealed from and not now appealable, made in the appointment of the receiver, the order of sale and the order of confirmation. This court would have no power to require the receiver to buy and operate a property he no longer had nor to require the purchasers to operate it, nor could it give any relief to the city against any of these appellees because of failure or inability to so operate. In short, an order, on such appeal granting the city everything it asked, would be an empty gesture affording no real relief.

[2] The writ of mandamus is discretionary within certain limits (Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 95, 96, 44 S. Ct. 446, 68 L. Ed. 912) and will not be granted to compel a futile act (U. S. v. Lapp, 244 F. 377, 380, 6th Circuit; In re Welch Mfg. Co., 201 F. 519, 520, 1st Circuit), nor to determine a purely moot proposition of law (see Commercial Cable Co. v. Burleson, 250 U. S. 360, 39 S. Ct. 512, 63 L. Ed. 1030; Dakota Coal Co. v. Fraser, 267 F. 130, this court; O'Brien v. Fackenthal, 284 F. 850, 6th Circuit; City of Paducah v. Paducah Water Co., 258 F. 20, 6th Circuit). Therefore, this petition for leave must be and is Denied.