## PHILLIPS v. McCAULEY, Warden.

Circuit Court of Appeals, Ninth Circuit.
Nov. 4, 1937.

Gordon Phillipps, in pro. per.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner asks a writ of mandamus and leave to file his petition in forma pauperis (28 U.S.C.A. § 832). Neither application should be granted if the petition is without merit. In his petition for writ of mandamus he seeks an order directing Judge J. Stanley Webster, United States District Judge for the Eastern District of Washington, to file an alleged petition for a writ of habeas corpus mailed by petitioner September 28, 1937, and to render a decision on the same.

Petitioner alleges that on or about September 4, 1937, he mailed an application for a writ of habeas corpus "to the District Court of the United States for the Eastern District of Washington, Southern Division, Honorable J. Stanley Webster presiding," and that this application was denied on the ground that it failed to show on its face prima facie warrant for the issuance of the writ. He alleges that on September 28, 1937, he mailed to the same court a second petition for writ of habeas corpus on the same identical ground as that of his first petition, "which consisted of 'former jeo-

pardy,'" which he "drew up in a more concise and legal form." He alleges that this later petition was ignored.

The ground upon which petitioner based his right to the issuance of the writ of habeas corpus in his original petition was double jeopardy arising out of the conviction of petitioner in the state courts of Washington in a criminal action wherein petitioner pleaded former jeopardy. Petitioner, in his petition for writ of mandamus, alleges that his second petition for writ of habeas corpus was based on "the same identical ground as that of his first petition set forth in paragraph 1, which consisted of 'former jeopardy.'" There is no showing in the first petition that petitioner has sought a writ of habeas corpus in the state courts, although he does allege that his defense of former jeopardy was ignored in the trial court and on his appeal from the conviction. Under these circumstances petitioner, not having exhausted his remedy in the state court, is not entitled to a writ of habeas corpus in the federal courts. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L. Ed. 791, 98 A.L.R. 406; Hall v. People of California (C.C.A.) 79 F.(2d) 132. See the following recent cases of this court decided September 24, 1937: McCauley v. Palmer, 91 F.(2d) 1017; McCauley v. Goldberg, 91 F.(2d) 1016; McCauley v. Mehlhorn, 91 F. (2d) 1017. Moreover, the Fifth Amendment to the Federal Constitution prohibiting double jeopardy is a limitation upon the powers of the federal government and is not a limitation upon the states. In re Spies, 123 U.S. 131, 8 S.Ct. 22, 31 L.Ed. 80; Maxwell v. Geo. Dow, 176 U.S. 581, 20 S.Ct. 448, 494, 44 L.Ed. 597; Brantley v. State of Georgia, 217 U.S. 284, 30 S.Ct. 514, 54 L.Ed. 768. See, also, Ex parte Zeligson, 47 Okl.Cr.App. 45, 287 P. 731. The claim to release because of double jeopardy in so far as it may arise because of prosecutions in state courts is not a federal question and cannot properly be raised in the federal courts by application for writ of habeas corpus. Whitten v. Tomlinson, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406; Ex parte Belt, 159 U.S. 95, 15 S.Ct. 987, 40 L.Ed. 88; Trico Products Corp. v. Ace Products Corp. (D.C.) 30 F.(2d) 688. Thus, even though we assume, as is alleged, that the District Court has refused to act on petitioner's second petition for a writ of habeas corpus, a writ of mandamus directing action upon the petition could only result in the petition eventually being denied. Relief by mandamus being extraordinary and discretionary, it should not issue to direct a useless act. See in re Welch Mfg. Co. (C.C.A.) 201 F. 519; City of Boulder v. Lewis (C.C.A.) 21 F.(2d) 910; United States v. Ickes, 65 App.D.C. 375, 84 F.(2d) 228.

There is no merit in petitioner's application for writ of mandamus, consequently, the petition for writ of mandamus and the petition for leave to proceed in forma pauperis are denied.