**GRINDSTONE BUTTE PROJECT, a tenancy in common, et al., Plaintiffs–Appellees,**

v.

**Thomas S. KLEPPE, Secretary of the Interior, et al., Defendants–Appellants.**

No. 78–1134.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1980.

Decided Jan. 30, 1981.

Rehearing and Rehearing En Banc Denied Apr. 1, 1981.

Jacques B. Gelin, Washington, D. C., argued for defendants–appellants; M. Karl Shurtliff, Boise, Idaho, on brief.

W. F. Ringert, Anderson, Kaufman, Anderson & Ringert, Boise, Idaho, for plaintiffs–appellees.

Before SKELTON, Judge,* FARRIS and PREGERSON, Circuit Judges.

* Hon. Byron G. Skelton, Senior Judge, United States Court of Claims, sitting by designation.

PREGERSON, Circuit Judge:

This is an appeal from a summary judgment holding that the Secretary of the Interior lacked authority to impose terms and conditions, primarily designed to protect the environment, upon irrigation rights–of–way granted over federal lands under the Act of March 3, 1891, 43 U.S.C. §§ 946–949 (1891 Act). We reverse.

## FACTS

The pertinent facts are undisputed. In 1974, the Idaho Office of the Bureau of Land Management, United States Department of the Interior, granted two irrigation rights–of–way over federal lands to the Grindstone Butte Project (Grindstone), a tenancy in common comprised of several individuals and two corporations. Grant No. I–7365 was for a pump base site and a 48–inch irrigation pipeline. Grant No. I–7366 was for an irrigation canal and pipeline. These two rights–of–way, both limited to fifty years duration, were granted under the authority of the 1891 Act.

Grants No. I–7365 and I–7366 contain several terms and conditions requiring Grindstone, *inter alia*, to regulate the use of poisonous substances; minimize despoliation of public land by reseeding soil disturbed by construction; remove construction debris; prevent water, oil, and chemical pollution; protect fish by placing screens around pump intakes; and preserve archeological sites discovered during construction.

In 1974, the Interior Department's Board of Land Appeals (IBLA) rejected Grindstone's challenge to the Interior Secretary's authority to impose terms and conditions upon rights–of–way granted under the 1891 Act. IBLA remanded the matter to the

Idaho Office of the Bureau of Land Management for consideration of Grindstone's objections to the reasonableness of the terms and conditions imposed on the grants. *Grindstone Butte Project*, 18 IBLA 16 (1974). In 1976, IBLA affirmed the Bureau of Land Management's determination that the contested terms and conditions were reasonable. *Grindstone Butte Project*, 24 IBLA 49 (1976).

On September 2, 1976, Grindstone filed this action in the United States District Court for the District of Idaho seeking, *inter alia*, a declaratory judgment that the Secretary of the Interior and certain Bureau of Land Management officials lacked authority to impose conditions, other than those expressly stated in the 1891 Act, upon rights–of–way granted pursuant to that statute. On September 8, 1977, the district court granted Grindstone's motion for summary judgment on the ground that the Secretary of the Interior lacked authority to impose terms and conditions upon rights–of–way granted under the 1891 Act.[1] This appeal followed.

## DISCUSSION

The question before this court is whether the Secretary of the Interior, to protect the public interest, has statutory authority to impose reasonable terms and conditions on grants issued under the 1891 Act for the construction and use of irrigation rights–of–way over federal lands.[2] This is a question of law subject to *de novo* review. *Phillips v. Amoco Trinidad Oil Co.*, 632 F.2d 82, 84 (9th Cir. 1980). We conclude that the Secretary does have statutory authority to impose reasonable conditions, necessary to protect the public interest, on irrigation

1. The district court's opinion is unpublished. *Grindstone Butte Project et al. v. Kleppe et al.*, Civ. No. 1–76–173 (D. Idaho Aug. 9, 1977).

2. This issue is important only insofar as it applies to rights–of–way granted before October 21, 1976, because the Federal Land Policy and Management Act of 1976, 43 U.S.C. §§ 1761–1771 (1976 Act), specifically authorizes the terms and conditions at issue here. 43 U.S.C. § 1765. The 1976 Act, which revised the laws concerning rights–of–way over federal lands, repealed the Acts of 1891 and 1901, and other right–of–way statutes. Because the 1976 Act expressly excludes from its coverage rights–of–way granted before October 21, 1976, the statutory interpretation urged by Grindstone, and adopted by the district court, could invalidate terms and conditions previously imposed by the Secretary of the Interior on all 1891 Act grants.

rights–of–way granted over federal lands under the 1891 Act. Accordingly, we reverse the judgment of the district court.

*Authority to Impose Terms and Conditions*

The Secretary of the Interior requires grantees under the 1891 Act to abide by certain conditions designed to prevent injury to the environment and otherwise to protect adjacent lands and other interests of the United States. The Secretary asserts that authority to impose these conditions is derived from the 1891 Act itself. Additionally, the Secretary argues that the Act of February 15, 1901, 43 U.S.C. § 959 (1901 Act),[3] and the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq. (NEPA), demonstrate a continuing Congressional commitment to protect the public interest in federal lands and resources and constitute authority for imposing protective terms and conditions on rights–of–way granted under the 1891 Act.

In rejecting the Secretary's contentions, the district court stated: "It is clear from the statute, as well as from the cases under it, that the 1891 Act is a grant *in praesenti*," *i. e.,* a transfer of a present interest in land. *See Van Wyck v. Knevals,* 106 U.S. 360, 365, 1 S.Ct. 336, 337, 27 L.Ed. 201 (1882). The court accordingly held that because the 1891 Act granted the irrigation rights–of–way *in praesenti,* the Secretary lacked discretion to "award, withhold, or condition" such grants. The district court found, however, that the 1891 Act contained two explicit conditions that, once satisfied, prevent forfeiture of a right–of–way: (1) each section of the proposed canal or ditch must be completed within five years after the "location" of that section, 43 U.S.C. § 948, and (2) the main purpose of the right–of–way must be for irrigation or drainage. 43 U.S.C. § 946. The court held that the Secretary of the Interior exceeded statutory authority by imposing conditions beyond the two specified in the Act. The district court's memorandum opinion, filed on August 9, 1977, mentioned neither the 1901 Act nor NEPA, both of which were in effect when Grindstone applied for the two irrigation rights–of–way.

The Secretary of the Interior's authority to impose conditions on rights–of–way granted under the 1891 Act and to reject applications for failure to comply with such conditions is implicitly recognized in *United States ex rel. Sierra Land & Water Co. v. Ickes,* 84 F.2d 228 (D.C.Cir.), *cert. denied,* 299 U.S. 562, 57 S.Ct. 24, 81 L.Ed. 414 (1936). There the District of Columbia Circuit refused to issue a writ of mandamus to compel the Secretary of the Interior to approve applications for rights–of–way. The court spoke of the broad jurisdiction conferred upon the Secretary of the Interior to promulgate reasonable regulations concerning the disposition of public lands. 84 F.2d at 230, 231. Moreover, the court rejected the contention, urged upon us by Grindstone, that section 18 of the 1891 Act, 43 U.S.C. § 946, granted rights–of–way *in praesenti.* 84 F.2d at 231. In rejecting that contention, the court concluded that rights–of–way do not vest until the Secretary has, in accordance with reasonable regulations, approved the prospective grantee's application. *Id.*

1. *1901 Act*

In contrast to the 1891 Act, the 1901 Act explicitly authorizes the Secretary of the Interior to grant and revoke rights–of–way pursuant to regulations adopted by the Department of the Interior. Because of this difference and because the subject matter of the 1891 Act falls within the ambit of the 1901 Act, the Secretary argues that the 1901 Act repealed the 1891 Act by implication.

■ Repeals by implication, however, are not favored and will only be found when "the new statute is clearly repugnant, in words or purpose, to the old statute," and when Congressional intent to repeal is clear. *United States v. Georgia–Pacific Co.,* 421

---

**3.** The 1901 Act, like the 1891 Act, provides for grants of rights–of–way over federal lands. Unlike the 1891 Act, which is limited to irrigation or drainage rights–of–way, the 1901 Act provides for rights–of–way for a wide array of purposes, including irrigation, electrical transmission, mining, and forestry.

F.2d 92, 102 (9th Cir. 1970). Furthermore, "courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co–existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). Since the 1901 Act is not "clearly repugnant, in words or purpose," to the 1891 Act we regard both acts as effective and therefore will interpret them harmoniously.

█ Accordingly, we hold that, under the 1891 Act, any applicant who complied with the Act's requirements was entitled to an irrigation right–of–way; however, that entitlement was qualified by the 1901 Act authorizing the Secretary to condition the grant of rights–of–way over federal lands upon compliance with reasonable regulations and terms designed to protect the public interest.

In *Hyrup v. Kleppe,* 406 F.Supp. 214 (D.Colo.1976), *aff'd,* Nos. 76–1452, 76–1767 (10th Cir. Nov. 7, 1977), the district court resolved an analogous problem of statutory interpretation involving the interrelationship between two statutes by harmonizing the Act of 1866, 43 U.S.C. § 661 (1866 Act), and the 1901 Act. Mr. Hyrup applied for an irrigation right–of–way under the 1866 Act, which is essentially similar to the 1891 Act. The court found it unnecessary to reach the question whether the 1866 Act had been repealed by the 1901 Act. Instead, the court fulfilled what it regarded as its "plain duty" by reading the 1866 and 1901 Acts harmoniously. 401 F.Supp. at 217. The court concluded that the 1866 Act gave Mr. Hyrup a right to use public lands for a pipeline subject to regulations promulgated under the 1901 Act.

## 2. *NEPA*

█ The Secretary cites NEPA as additional authority for imposing conditions on grants of irrigation rights–of–way. NEPA made environmental protection part of the mandate of every federal agency. *Calvert Cliffs' Coordinating Committee, Inc. v. AEC,* 449 F.2d 1109, 1112 (D.C.Cir.1971).

Under NEPA, federal agencies have "the continuing responsibility ... to use all practicable means, consistent with other essential considerations of national policy, [to protect the environment]." 42 U.S.C. § 4331(b). Congress further mandated that, to the fullest extent possible, policies, regulations, and public laws of the United States "shall be interpreted and administered in accordance with the policies set forth" in NEPA. 42 U.S.C. § 4332.

Thus, the Secretary of the Interior is not only permitted but required to take environmental values into account in carrying out regulatory functions, *see Detroit Edison Co. v. Nuclear Regulatory Commission,* 630 F.2d 450 (6th Cir. 1980), unless there is a clear and unavoidable conflict of statutory authority prohibiting the Secretary from complying with NEPA's mandate. *Flint Ridge Development Co. v. Scenic Rivers Ass'n,* 426 U.S. 776, 787–788, 96 S.Ct. 2430, 2437–2438, 49 L.Ed.2d 205 (1976). Because we hold that the Secretary is vested with statutory authority to impose reasonable terms and conditions upon grants of irrigation rights–of–way, it is clear that no provision in the 1891 or 1901 Acts precludes the Secretary from implementing NEPA's environmental mandate. As stated above, in exercising discretion to impose terms and conditions upon rights–of–way granted over federal lands, the Secretary must comply with NEPA's mandate to protect the environment. *See Detroit Edison Co.,* 630 F.2d at 450, 451.

The district court's grant of summary judgment is REVERSED.