COLUMB v. WEBSTER MANUF'G CO.

(Circuit Court, D. Massachusetts. September 18, 1896.)

No. 325.

1. COSTS AND FEES—POOR SUITORS—COSTS OF APPEAL.
The act of July 20, 1892 (27 Stat. 252), allowing any citizen in the United States to prosecute "any suit or action" in the federal courts without prepaying fees or costs, etc., upon filing an affidavit of poverty, includes fees and costs on writs of error and appeals.

2. SAME—COURT'S AUTHORITY OVER ITS OFFICERS.
The federal courts have authority upon petition and by summary proceedings to compel their clerks and other officers to comply with the provisions of the statute.

3. SAME—CONSTRUCTION OF STATUTE.
The words "fees or costs," as used in the statute, are to be construed distributively. "Costs" means "taxable costs," to be recovered by the adverse party. "Fees" means (in the case at bar) the fees of the clerk in the strict sense, and does not relate to his disbursements.

4. SAME.
In view of the revisory powers vested in the court by the fourth section of the act, the clerk should not ordinarily assume to act under the statute without prior conference with the court.

5. SAME—ERRORS AND APPEALS—FILING AFFIDAVIT.
Where the clerk of the circuit court insists on the payment of his fees before delivering the record for filing in an appellate court, and the debtor has filed an affidavit of poverty in the circuit court, that court, on granting summary relief, will at the same time require the appellant to also file an affidavit of poverty in the appellate court.

This was an action at law by Frank Columb against the Webster Manufacturing Company. The cause was heard upon the petition of the complainant in forma pauperis. The statute relating to suits by poor persons is, in full, as follows:

"Be it enacted by the senate and house of representatives of the United States of America in congress assembled: That any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action, and setting forth briefly the nature of his alleged cause of action.

"Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section, shall be punishable as perjury as in other cases.

"Sec. 3. That the officers of court shall issue, serve all process, and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases.

"Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious.

"Sec. 5. That judgment may be rendered for costs at the conclusion of the suit as in other cases: provided, that the United States shall not be liable for any of the costs thus incurred."

27 Stat. 252.

John L. Hunt, for plaintiff.

Richard M. Saltonstall and Henry E. Bolles, for defendant.

Before PUTNAM, Circuit Judge, and NELSON, District Judge.

PER CURIAM. This is a petition by Frank Columb, who has sued out a writ of error to the circuit court of appeals from the judgment rendered against him at this term in the above-entitled cause. He has filed in this court his affidavit of poverty, pursuant to the act of July 20, 1892, c. 209 (27 Stat. 252), and now desires to be relieved from prepayment of a bill of fees rendered him by the clerk of this court, as follows:

Clerk's fees on disposition of cause:

325, Law, Columb v. Webster M'f'g Co.

| | | |
|---|---|---|
| Swearing witnesses | $1 70 | |
| Filings | 3 00 | |
| Docket entries | 6 00 | |
| Docket fee | 3 00 | |
| Record | 9 00 | |
| | ———— | $22 70 |
| Transcript of record, 234 fols., at .10 | | 23 40 |
| | | ———— |
| | | $46 10 |

These fees cover the completion of the record in this court, and the copy thereof necessary for docketing the writ of error in the circuit court of appeals. A portion accrued before the affidavit of

poverty was filed, and a part afterwards; but our construction of the second section of the act renders this fact of no importance, as the clerk insists on the payment of the whole bill before delivering Columb the copy of the record. The clerk of this court was heard on this petition, and we have given it careful consideration. Looking at the remedial character of the statute, we are of the opinion that writs of error and appeals are within the construction to be given the words "any suit or action" which it contains. There is a reasonable doubt whether the affidavit of poverty provided for by the statute should not have been filed in the circuit court of appeals instead of in this court; but we will provide for that by the form of the order to be entered on this petition. Merely filing an affidavit in that court would not be effectual for present purposes, as that court has no summary jurisdiction over the clerk of this court. The statute provides no special remedy in the case of the refusal of any clerk or marshal to comply with its provisions. Perhaps, in that case, an action for damages would lie at common law; but we have no doubt of our authority to compel our officers to comply with it by summary proceedings, such as are now asked of us. The statute is obscure in many particulars, and with the rest a question arises as to the meaning of the words "fees or costs," found in it. We think, however, that this arises from the combination of two subject-matters in one sentence, and that it is to be construed distributively. "Costs" means "taxable costs," to be recovered by the adverse party, and the statute intends that no security or deposit shall be required for these. "Fees" means, for the case at bar, the fees of the clerk in the strict sense of the word, and does not relate to his disbursements; and the courts have no power, under the act, to require him to make disbursements at the hazard of recovering them at some future time from a person who confesses himself pecuniarily irresponsible. The marshal for this district was heard generally on this petition, but our decision is not to be construed to affect his office, except as it must do so inferentially. And we will add that, in view of the revisory powers vested by the fourth section, the clerk should not ordinarily assume to act under the statute without prior conference with the court. The clerk will be entitled at law and in equity to a lien on any judgment which Columb may obtain in the pending litigation, either in this court or in the circuit court of appeals. Looking at the statute as a whole, although it is somewhat obscure, and fails to make clear provision for the ultimate protection of officers affected by it, we are compelled to conclude that it applies to this case.

Ordered, that, on the petitioner filing in the circuit court of appeals a proper affidavit of poverty, as required by the act of July 20, 1892, c. 209, and furnishing the clerk of this court a certified copy thereof, the clerk shall deliver him the copy of the record in question, without payment of the fees covered by the petition, either in advance or concurrently with the delivery of the record; but this order shall not prejudice any right of action or lien for such fees.