WHITTLE et al. v. ST. LOUIS & S. F. RY. CO.

(Circuit Court, W. D. Arkansas.   October 22, 1900.)

COST—LEAVE TO SUE IN FORMA PAUPERIS—FEDERAL STATUTE.
    Before a federal court should permit an action to be prosecuted in
    forma pauperis, under Act July 20, 1892 (27 Stat. 252), it should be rea-
    sonably satisfied that plaintiff is likely to recover something by his action;
    and where an action has been once tried, and a judgment for plaintiff
    reversed by the appellate court, which held that on the evidence adduced
    a verdict should have been directed for defendant, leave will not be
    granted the plaintiff to continue the action as a poor person, under such
    statute, unless a showing is made that some new evidence will be pro-
    duced on another trial.

On Motion by Plaintiffs for Leave to Continue Suit as Poor Per-
sons.

    In 1893 this action was instituted to recover damages for the death of the
husband and father of plaintiffs.  A trial was had, and a judgment entered on
the verdict of a jury for the sum of $8,000.  The cause being removed by writ
of error to the United States circuit court of appeals for this circuit, that
court reversed the judgment of the court below; the majority of the court
holding: "The circuit court erred, we think, in refusing, upon the testimony
contained in this record, to charge the jury, as it was requested to do, that
the deceased was guilty of contributory negligence, and that there could be
no recovery for that reason."  Railway Co. v. Whittle, 40 U. S. App. 23, 20
C. C. A. 196, 74 Fed. 296.  After the entry of the mandate of the court of ap-
peals, plaintiffs filed this motion in the court below to be permitted to con-
tinue the prosecution of this action as poor persons.  The affidavit accom-
panying the petition, and upon which it is based, does not allege that plain-
tiffs have any new evidence, but only "that they believe that they are enti-
tled to the redress sought by their suit," and also that "they are too poor to
pay the costs of the suit, or to give security for the same."

    Ira D. Oglesby, for the motion.
    B. R. Davidson, opposed.

    TRIEBER, District Judge (after stating the facts).   The act of
congress of July 20, 1892 (27 Stat. 252), provides:

    "Any citizen of the United States, entitled to commence any suit or action
in any court of the United States, may commence and prosecute to conclu-
sion any such suit or action without being required to prepay fees or costs, or
give security therefor before or after bringing suit or action, upon filing in
said court a statement under oath, in writing, that, because of his poverty, he
is unable to pay the costs of said suit or action which he is about to com-
mence, or to give security for the same, and that he believes he is entitled to
the redress he seeks by such suit or action, and setting forth briefly the nature
of his alleged cause of action."

    It is unnecessary to determine in this cause whether, as contended
by counsel for defendant, it is not too late to file a petition for leave
to sue in forma pauperis, after the cause has been tried once, and upon
error reversed by the appellate court, as the petition must be refused
on other grounds, about which there can be little controversy.   Sec-
tion 4 of the act provides:

    "The court may request any attorney of the court to represent such poor
person, if it deems the cause worthy of a trial, and may dismiss any such
cause so brought under this act if it be made to appear that the allegation of
poverty is untrue, or if said court be satisfied that the alleged cause of action

is frivolous or malicious. Judgment may be rendered for costs at the conclusion of the suit, as in other cases: provided, that the United States shall not be liable for any of the costs thus incurred."

This clearly demonstrates that, before such leave will be granted, there must be some kind of a showing made to the court that there is reasonable cause to believe that, if permitted to prosecute the suit in forma pauperis, the plaintiff is likely to recover something by his action. Whelan v. Railroad Co. (C. C.) 86 Fed. 219; Brinkley v. Railroad Co. (C. C.) 95 Fed. 345, affirmed by the United States circuit court of appeals for the Sixth circuit in 40 C. C. A. 689, 100 Fed. 1006; Columb v. Manufacturing Co. (C. C.) 76 Fed. 198. In the last-cited case the court, in construing this act, say, "In view of the revisory powers vested by the fourth section, the clerk should not ordinarily assume to act under the statute without prior conference with the court."

While ordinarily, in cases of this kind, for damages resulting from the killing of a person by a railroad train, the question of liability should be submitted to a jury, and the court would not require a very strong showing of negligence on the part of the company, yet in view of the fact that the appellate tribunal, whose judgments are conclusive on this court, has held that, upon the evidence submitted at the trial of this cause, it was the duty of the trial court to direct a verdict for the defendant, it is the duty of plaintiffs, when applying for leave to retry the cause as poor persons to make some kind of a showing tending to prove that some new evidence to establish such negligence on the part of the railway company as would warrant the submission of that fact to the jury would be produced at the next hearing. If no other evidence is to be introduced than was at the former trial,—and there is no allegation in the petition that there would be,—the duty of the trial court would be, in obedience to the mandate of the appellate court, to direct a verdict against the plaintiffs. Hence there is nothing before the court to warrant the belief that, if a new trial is had, plaintiffs could recover. The petition is refused.