## DAVIS v. ADAMS.

(District Court, N. D. California.  May 29, 1901.)

### No. 11,829.

COSTS—CLERK'S FEES—ACTION IN FORMA PAUPERIS.

Act July 20, 1892 (27 Stat. 252), permitting the bringing of actions in forma pauperis, does not take away from the clerk, in actions brought thereunder, the right to charge and collect the same fees as in other causes, but provides only that he shall not be entitled to demand their payment in advance or security therefor; and a libelant who brings a suit in admiralty thereunder, and recovers, but without costs, is not entitled to withdraw the money paid in satisfaction of the judgment from the registry of the court without paying the clerk's fees taxed against him.

In Admiralty.  Motion for an order directing the clerk to pay to libelant the amount of a judgment in his favor paid into court.

H. A. Bauer, for libelant.

DE HAVEN, District Judge.  This action was prosecuted by the libelant in forma pauperis, under the act of July 20, 1892 (27 Stat. 252).  That act provides:

"That any citizen of the United States entitled to commence any suit or action in any court of the United States, may commence and prosecute to

conclusion any such suit or action without being required to prepay fees or costs or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action, and setting forth briefly the nature of his alleged cause of action. * * *"

"Sec. 5. That judgment may be rendered for costs at the conclusion of the suit as in other cases: provided, that the United States shall not be liable for any of the costs thus incurred."

The libelant recovered judgment for the sum of $40.80, without costs, other than those incurred subsequent to and including the filing of the amended libel. The amount of the judgment has been paid into the registry of the court. The present motion, which is in writing, incorrectly recites that the clerk of this court "now holds said judgment money for costs in said cause incurred previous to the amending of said libel," and the court is asked to make an order directing him to pay said money over to the libelant. The money paid in satisfaction of the judgment is not in possession of the clerk, but is in the registry of the court, and can only be withdrawn by an order signed by the judge, and "entered and certified of record by the clerk." Rev. St. U. S. § 996.

The question involved in the motion relates to the right of libelant to withdraw from the registry of the court the money recovered in this action, without payment of the fees of the clerk for filing libel, issuing monition, etc., at the request of libelant, prior to the filing of the amended libel. In my opinion, the libelant has no such right. The statute above referred to does not take away from the clerk, in actions prosecuted thereunder, the right to charge and recover for his services the same fees as are allowed in actions not prosecuted in forma pauperis, but only provides that he shall not be entitled to demand their payment in advance. In the case of Columb v. Manufacturing Co. (C. C.) 76 Fed. 198, an action prosecuted by one Columb under the same statute, the court said: "The clerk will be entitled, at law and in equity, to a lien on any judgment which Columb may obtain in the pending litigation, either in this court or in the circuit court of appeals." The fund is under the control of the court, and the court may properly refuse to permit the same to be withdrawn from the registry until the libelant has paid the costs of the action, due from him to the clerk, or may, on application of the clerk, direct that such costs be paid from the fund. The motion is denied.