UNITED STATES ex rel. BERGER v. UHL, Acting Commissioner of Immigration.

(District Court, S. D. New York. December 8, 1919.)

HABEAS CORPUS ⊕54—APPLICATION BY ALIEN INSUFFICIENT AS TO GROUNDS FOR DETENTION.

> An application by an alien, held in custody by the immigration authorities, to obtain release on habeas corpus, will be dismissed, where it did not set forth the ground on which he was held by the immigration authorities, or the record of the deportation proceedings, but averred merely on information and belief, without stating any grounds, that applicant believed he was held in custody because he arrived in 1913.

Habeas Corpus. Application by the United States, on the relation of Fred Harold Berger, for writ of habeas corpus against Byron H. Uhl, as Acting Commissioner of Immigration at the port of New York. Application denied.

Chas. Recht, of New York City, for petitioner.

Francis Caffey, U. S. Dist. Atty., of New York City, for defendant.

MAYER, District Judge. This is an application for a writ of habeas corpus. It is impossible to ascertain from the petition what facts, if any, are alleged as the ground upon which it is claimed that the detention is illegal. The petitioner alleges that—

> "The cause or pretense of the imprisonment or restraint of the said relator, to the best of the knowledge and belief of your relator, is that he arrived in the United States in the year 1913."

It is impossible to believe that officials of the government detained petitioner merely because he arrived in the United States in 1913. The sources of the knowledge and belief upon which such an extraordinary allegation is based are not stated.

The petitioner then relates some experiences beginning with his arrest in California, but carefully avoids setting forth any fact upon which any present wrongful detention can be predicated. He states, in effect, that he has been confined in various jails and immigration stations since 1917, and discloses his wishes as follows:

> "Your petitioner feels that there is no evidence upon which to base said deportation, but your petitioner will not raise any question as to this, for your petitioner feels that, if the government or the people of the United States do not desire his presence here, he is willing to return to his native country, formerly Baltic Russia, but now the independent republic of Esthonia and Latvia.
>
> "Your petitioner feels, however, that he has suffered great injury by two years of close confinement in various jails and immigration stations, in violation of promises made to petitioner that he would be immediately deported."

The practice of applying for writs of habeas corpus upon loose general allegations, which fail to show on the face of the petition that a petitioner is wrongfully detained, should be discontinued. From time to time cases may arise where deportation is imminent, and where the person detained or his attorney may not have time to have access to the records, and thus to draw a satisfactory petition. In such in-

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stances, justice may require the issuance of a writ to prevent premature deportation from making the question moot. But such is not this case, where so far as appears from the petition the petitioner has waited for two years, and is now willing to be deported, but desires to be set at large until he is accommodated.

Petitioner or his counsel will have no difficulty in examining the records upon which his deportation is based, and, if he applies again for a writ, he will attach to his petition the record, or a copy thereof (which will be furnished without expense), or, in lieu thereof, his statements must be made on knowledge, or, if on information and belief, he must set forth the grounds of his information and belief.

Application denied.