## POTHIER *v.* RODMAN, UNITED STATES MAR-SHAL, ET AL.

APPEAL FROM AN ORDER OF THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF RHODE ISLAND, DIS-MISSING A PETITION FOR WRIT OF HABEAS CORPUS.

No. ——. Motion for leave to docket case and proceed in forma pauperis. Submitted February 23, 1923.—Decided March 12, 1923.

1. Upon application for leave to proceed *in forma pauperis,* an affidavit of the poverty of the applicant must be made by the applicant himself. P. 309.
2. The application must be denied unless jurisdiction over the appeal or writ of error to which it relates appears from the motion papers or record. P. 309.
3. The jurisdiction of this Court to review directly an order of the District Court dismissing a petition for *habeas corpus* depends on Jud. Code, § 238; a question of the jurisdiction of the District Court or a constitutional question must be involved. P. 310.
4. The issue of jurisdiction which Jud. Code, § 238, makes cognizable by this Court on direct appeal from the District Court, must be an issue concerning the jurisdiction of the court from which the appeal is taken. P. 311.
5. When it is alleged against an indictment for murder committed in territory within the exclusive jurisdiction of the United States, that such jurisdiction did not exist, the objection goes, not to the jurisdiction of the District Court in which the indictment was returned, but to the merits of the case. P. 311.
6. Under the Act of September 14, 1922, c. 305, 42 Stat. 837, an appeal to this Court, which should have been taken to the Circuit Court of Appeals, must be transferred to that court, in the proper circuit. P. 312.

Motion denied; cause transferred.

MOTION for leave to proceed *in forma pauperis* on an appeal from an order of the District Court dismissing a petition for *habeas corpus.* See 285 Fed. 632.

*Mr. Davis G. Arnold* for appellant.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a motion for leave to proceed on this appeal *in forma pauperis*. The character of the appeal is set forth in the motion papers, and upon the facts therein stated we reach our conclusion.

The Act of July 20, 1892, c. 209, § 1, 27 Stat. 252, as amended June 27, 1922, c. 246, 42 Stat. 666, provides:

" That any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or a writ of error or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, before or after bringing suit or action, or upon suing out a writ of error or appealing, upon filing in said court a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action or of such writ of error or appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks in such suit or action or writ of error or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal.".

Counsel for appellant files the motion setting out in brief the facts of the cause and accompanies it with an affidavit of his own, alleging that he has examined the case, that he believes the appellant has a just cause for appeal, that the appellant is without funds, and because of his poverty he is unable to pay the costs of the appeal, that his friends and relatives have already expended large

sums in his defense, and that during his continued confinement in jail the American Red Cross has been providing for his sickly wife and child. The affidavit further alleges that the appellant was allowed to prosecute the proceedings before the District Court *in forma pauperis.*

Under the statute the affidavit as to the poverty of the applicant is to be made by himself and not by another, even his counsel. A supporting affidavit may properly be made by the counsel, but the importance that he who is seeking the privilege accorded by the statute should be required to expose himself to the pains of perjury in a case of bad faith is plain.

Assuming, however, that this defect can be satisfactorily supplied, the motion must be denied, because it does not appear from the motion papers or the record that this Court has jurisdiction of the appeal. There can be no doubt from a reading of the statute that an application of this character can not be granted if it appear on its face that the appeal or writ of error in which the costs are to be incurred at public expense does not lie and can not be considered by the Court. The case made in the motion is as follows:

On October 19, 1922, the appellant was arrested and brought before Henry C. Hart, United States Commissioner for the District of Rhode Island, under a warrant to apprehend him and to remove him pursuant to § 1014 of the Revised Statutes, from Rhode Island to the Southern Division of the Western District of Washington for trial under an indictment for murder of Alexander P. Cronkhite, committed in territory in that District within the exclusive jurisdiction of the United States, to wit, the Camp Lewis Military Reservation. Appellant pleaded not guilty and was committed to the custody of the marshal without bail.

The petition for the writ of *habeas corpus* reciting these facts was filed in the District Court and was accompanied

by a prayer for a writ of certiorari directing the United States Commissioner to send up the proceedings.

The petition averred that the place in which the indictment alleged the crime to have been committed was within the exclusive jurisdiction of the State of Washington, and that the indictment did not, therefore, charge a crime against the United States, and that the court in which the indictment was found was without jurisdiction to hear it.

The District Court of Rhode Island found that this averment did not state a case warranting the discharge of the accused from custody or a halting of his removal under the warrant to the place of trial and so made the order appealed from.

Appeal from the order lay to the Circuit Court of Appeals of the First Circuit, not to this Court. Final decisions of a District Court are to be reviewed by the proper Circuit Courts of Appeals in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in § 238 of the Judicial Code, unless otherwise provided by law. (§ 128 Judicial Code as amended, Act January 28, 1915, c. 22, § 2, 38 Stat. 803.) There is no other provision of law for appeals from an order granting or denying writs of *habeas corpus* except when they come within § 238. *Horn* v. *Mitchell,* 243 U. S. 247, 248–9; *Chin Fong* v. *Backus,* 241 U. S. 1, 3; *Wise* v. *Henkel,* 220 U. S. 556, 557; *In re Lennon,* 150 U. S. 393, 399; *Cross* v. *Burke,* 146 U. S. 82, 88; *Lau Ow Bew* v. *United States,* 144 U. S. 47, 58.

Section 238, Judicial Code, as amended January 28, 1915, c. 22, 38 Stat. 803, allows appeals direct from the District Courts to this Court,

1st, in any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision;

2nd, from the final sentences and decrees in prize causes;

3rd, in any case that involves the construction or application of the Constitution of the United States;

4th, in any case in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority, is drawn in question;

5th, and in any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States.

The case presented on this motion comes within none of these classes. Even if a direct appeal from a conviction under the indictment in the District Court of Western Washington would lie to this Court under § 238 on the question whether Camp Lewis was within the exclusive jurisdiction of the United States, still the issue of jurisdiction which § 238 makes cognizable by this Court on direct appeal is the jurisdiction of the District Court from which the appeal is taken, not that of the court to whose jurisdiction it is proposed to remove the petitioner. *Carey* v. *Houston & Texas Central Ry. Co.,* 150 U. S. 170, 180; *Ex parte Jim Hong,* 211 Fed. 73, 78. There was no doubt of the jurisdiction of the District Court of Rhode Island to issue a writ of *habeas corpus* to look into the legality of the detention of the petitioner. Certainly he made no question of it because he asked for its exercise.

But it is clear that the objection raised by the petitioner does not raise a question of jurisdiction directly appealable to this Court from the District Court. Such an objection goes to the merits and the appeal must be to the Circuit Court of Appeals. *Louie* v. *United States,* 254 U. S. 548, 550, 551.

Nor is there any question of the construction or application of the Constitution of the United States or of the validity of a statute or treaty of the United States or of a statute of a State under the Federal Constitution. The assignments of error recite that constitutional questions

did arise but neither the motion nor the record discloses one. The issue is simply whether the specified place of the alleged murder is within the exclusive jurisdiction of the United States and that does not appear to involve in any way the construction of the Federal Constitution.

This motion must, therefore, be denied, but the ground upon which we deny it requires us to go further. The Act of September 14, 1922, c. 305, 42 Stat. 837, requires us, when an appeal has been taken to this Court, that should have been taken to the Circuit Court of Appeals, not to dismiss the appeal but to transfer it to the proper Circuit Court of Appeals, which in this case is that of the First Circuit. *Heitler v. United States,* 260 U. S. 438.

If the motion disclosed that the present appeal had been framed under § 238 to present solely the question of the jurisdiction of the District Court of Rhode Island certified here by that court, it would require us to consider whether on such a limited appeal it would be our duty and within our power to order a transfer of the appeal to the Circuit Court of Appeals under the Act of September 14, 1922. The record shows, however, that the appeal is not so limited. The order of transfer to the Circuit Court of Appeals for the First Circuit will be made.