## BROMLEY v. UNITED STATES.
### No. 10177.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1935.

Thomas C. Pitts, of Fort Smith, Ark., for appellant.

John E. Harris, Asst. U. S. Atty., of Fort Smith, Ark. (Clinton R. Barry, U. S. Atty., and Duke Frederick, Asst. U. S. Atty., both of Fort Smith, Ark., on the brief), for the United States.

Before STONE, SANBORN, and FARIS, Circuit Judges.

SANBORN, Circuit Judge.

Harvey Bromley, upon a trial before a jury, was convicted of a violation of section 267 of title 26 U. S. C. (26 USCA § 267), for having in his possession distilled spirits, the immediate containers of which did not have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits. From the judgment entered upon the jury's verdict, he has appealed.

The errors assigned relate to the sufficiency of the evidence, the rulings upon the evidence, and the refusal of the court to give certain requested instructions.

It is necessary to determine whether, upon the record presented to us, any of the questions sought to be raised can be reviewed.

In authenticating the bill of exceptions, the trial judge certified as follows: "The above and foregoing are all of the exceptions taken and noted in the trial of this cause to the instructions given and the charge of the court to the jury, together with the instructions given in the charge of the court to the jury, and all instructions requested by the defendant and refused by the court, and the defendant's exceptions thereto."

While the bill itself contains recitals indicating that all of the evidence is included therein, the allowance and approval of the bill by the judge is limited, by his certificate, to the exceptions to his charge, the charge itself, and the requests for instructions, their refusal, and exceptions thereto. He has not certified to the evidence or to the rulings upon the evidence or the exceptions taken by the defendant to such rulings.

To review the question of the sufficiency of the evidence, this court must have before it a bill of exceptions, authenticated by the trial judge, which not only contains all of the evidence, but which shows in some way that it was allowed and approved by the judge as containing all of the evidence. Roberts v. National Savings Life Ins. Co. et al. (C. C. A. 8) 75 F.(2d) 530; Desha County, Ark., v. Crocker First National Bank (C. C. A. 8) 72 F.(2d) 359; Southern Surety Co. of Des Moines, Iowa, v. United States (C. C. A. 8) 23 F.(2d) 55, 58.

What we have before us, according to the certificate of the judge, is a bill of exceptions containing the charge of the court and the defendant's requests for instructions, with the court's rulings thereon. We also have the primary record. See McCuing v. Bovay (C. C. A. 8) 60 F.(2d) 375.

Without a proper bill of exceptions containing the evidence, we are precluded from considering whether there was any substantial evidence to sustain the conviction, whether the court erred with respect to rulings upon the evidence, and whether the denial of requests for instructions, in view of the evidence, was erroneous. The requested instructions, however, seem to have been substantially and sufficiently covered by the court's charge, which was not excepted to.

354

No questions are presented which arise upon the primary record. There is, therefore, nothing before us for review.

The judgment appealed from is affirmed.