624

## DE GROOT v. UNITED STATES.
### No. 7511.

Circuit Court of Appeals, Ninth Circuit.
Feb. 23, 1937.

See, also, (C.C.A.) 78 F.(2d) 244.

Harry De Groot, in pro. per.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

Harry De Groot, having been convicted of murder in the first degree in the District Court of the United States for the District of Alaska, Division 1, asks leave to prosecute his appeal in forma pauperis. He bases his application on the ground that his attorney failed to exercise due diligence in prosecuting settlement of the bill of exceptions to be used on the appeal. It appears from the application that the time for the settlement of the bill of exceptions and the term in which such bill should be settled had expired. The only allegation of the petitioner, who presents his petition in propria personam, is as follows: "That the court exceeded its jurisdiction, the rules of evidence, and was arbitrarily prejudiced, in all these particulars beyond those extremes denounced by the Honorable Judge Denman, and concurred in unanimously by this Honorable Court, in the opinion reversing the judgment of the original trial."

The appellant also avers: "That the material evidence offered at the second trial did not differ in any major particular from the evidence presented at the first trial and deemed insufficient by this Honorable Court to support the verdict of guilty of murder in the second degree."

In order to prosecute an appeal in forma pauperis it is necessary that the petioner state "that he believes that he is entitled to the redress he seeks in such suit or action or writ of error or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal." 28 U.S. C.A. § 832. The application must show some merit in the proposed appeal. Boggan v. Provident Life & Accident Ins. Co. (C. C.A.) 79 F.(2d) 721; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; see, also, Pothier v. Rodman, U. S. Marshal, 261 U.S. 307, 43 S.Ct. 374, 67 L.Ed. 670; Johnson v. Nickoloff (C.C.A.) 52 F.(2d) 1074; In re Bruning (C.C.A.) 68 F.(2d) 728. This the petitioner fails to do. He states that the evidence is substantially the same on both trials. The decision in that case was reversed because of an erroneous instruction upon the question of self defense.

It follows from what we have said that as there is no bill of exceptions and no claim of the insufficiency of the indictment to state an offense and no basis for challenging the jurisdiction of the court or the terms of the sentence and judgment, leave to proceed in forma pauperis must be denied and the appeal dismissed as such matters only can be considered on the appeal. U. S. v. Adamowicz (C.C.A.) 82 F.(2d) 288; Bromley v. U. S. (C.C.A.) 77 F.(2d) 353; Weathers v. U. S. (C.C.A.) 296 F. 702; McGrath v. U. S. (C.C.A.) 275 F. 294; Welsh v. U. S. (C.C.A.) 267 F. 819; Cary & Williams v. United States, 86 F. (2d) 461 (C.C.A.9), filed November 16, 1936.

Petition denied and appeal dismissed.