## In re SCHULTE.

District Court, E. D. Kentucky.

Jan. 31, 1938.

FORD, District Judge.

The petitioner, Bernard Schulte, is an inmate of the United States Public Health Service Hospital at Lexington. He has presented a petition for a writ of habeas corpus alleging that he is held in the institution and restrained of his liberty contrary to law. His petition is accompanied by an affidavit showing that he is entirely without funds and he asks leave to be permitted to file the petition in forma pauperis under the provisions of 28 U.S.C.A. § 832.

It is a familiar rule that, in order for a person to be permitted to proceed in forma pauperis in matters of this kind, the petition which he proposes to file must disclose that he has a cause of action sufficiently meritorious to justify the allowance of the request. United States v. Uhl, D.C., 262 F. 226; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Phillips v. McCauley, 9 Cir., 92 F.2d 790; Christianson v. Zerbst, Warden, 10 Cir., 89 F.2d 40.

Obviously, if the petitioner's application for a writ of habeas corpus discloses no meritorious cause of action, it would be no advantage to him to be permitted to file it in forma pauperis for the reason that the writ would have to be discharged, if issued.

The facts disclosed by the petition are, in substance, that on January 17, 1935, he was sentenced by the federal court of Minneapolis, Minn., for a term of three years for violation of the narcotic laws and was committed under that sentence. His petition states that on May 6, 1937, without application on his part, he was released conditionally and permitted to go at large under the Conditional Release Act of 1932, 18 U.S.C.A. § 716b. On October 2, 1937, he was returned to custody on a warrant for violation of his conditional release. It appears from the petition that the prisoner was at large on conditional release for a period of 148 days. If allowed credit for the time that he was at large under conditional release, his original sentence would have expired on January 16, 1938. The petitioner contends that during the time he was out on conditional release, he was technically a prisoner under the original judgment for the reason that he was at all times subject to the jurisdiction of the Department of Justice. Hence he claims that his conditional release did not suspend the service of his sentence, but his sentence was continuous and that the 148 days during which he was on conditional release must be credited against the original 3-year period, so that his sentence expired on January 16, 1938.

The Conditional Release Act of 1932, upon which the petitioner relies, 18 U.S.C.A. § 716b, provides that a prisoner released under the provisions of the act "shall be subject to all provisions of law relating to the parole of United States prisoners."

The law relating to the parole of United States prisoners provides, 18 U.S.C.A. § 719: "If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced."

In the case of Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 44, 68 L.Ed. 247, the Supreme Court held that, if the parole be terminated, "the prisoner shall serve the remainder of the sentence originally imposed without deduction for the time he was out on parole."

The allegation of the petition to the effect that the conditional release of the applicant was "without any formal or informal application on his part" adds nothing to the merits of his claim. By the provisions of the law, 18 U.S.C.A. § 716, parole or conditional release may be granted a prisoner upon the basis of facts reported by the proper officers of the prison. An application by the prisoner is not essential. The petition shows that he enjoyed the privileges of conditional release granted him under authority of the statute. Having been granted and having accepted the privileges of conditional release, the fact that he did not make application for such privileges is immaterial and he cannot now be heard to say that he is not subject to the conditions under which those privileges were granted.

It is clear that there is no merit in the applicant's claim that the time during which he was out on conditional release should be taken into account to diminish the period of his original sentence. The parole statute expressly provides to the contrary. The

petition shows that, without such deduction of time from the original sentence of three years, the sentence has not yet expired.

Since the writ of habeas corpus is sought only upon this unmeritorious ground, the application for leave to file the petition in forma pauperis must be denied.

Let an order be entered accordingly.