## SMITH v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.

Dec. 30, 1941.

Henry L. Smith, in pro. per.

No other appearances entered.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner, Henry L. Smith, has offered for filing a document containing four different instruments. The first is an application for leave to proceed in forma pauperis in "said suit or action (or of said writ of error or appeal.)" It is stated therein that "the action is for petition for writ of habeas corpus to the appellate court of appeals." Attached to this application is a second document stating: "This is an appeal from a decision of Smith v. Merry, for a writ of habeas corpus, 14971. In the District Court of the United States, Southern District of California. Central Division." The third document is entitled "Prolegomenon. Statement of the case." This statement contains a long recital of the history of the appellant's conduct with relation to the Selective Service Act, and his plea of guilty to a violation of Sec. 11 of that act, 50 U.S.C.A. Appendix § 311. In these documents the appellant states that he has filed three applications for writ of habeas corpus in the lower court, all of which have been denied. Taking the most favorable view of these three documents and considering them as an application for leave to prosecute a pending appeal in forma pauperis, the application is denied for lack of showing that a similar petition has been filed with and denied by the lower court. Smith v. Johnston, 9 Cir., 109 F.2d 152.

The fourth document is an original petition to this court for a writ of habeas corpus. The Circuit Court of Appeals has no jurisdiction to issue writs of habeas corpus except in aid of its appellate jurisdiction. DeMaurez v. Swope, 9 Cir., 100 F.2d 530; Ex parte Jefferson, 9 Cir., 106 F.2d 471; Smith v. Johnston, 9 Cir., 109 F.2d 152; Ferguson v. Swope, 9 Cir., 109 F.2d

152; DeMaurez v. Swope, 9 Cir., 110 F. 2d 564; In re Anderson, 9 Cir., 117 F.2d 939.

■ The petition does not invoke the power of this court in aid of its jurisdiction and, consequently, we have no jurisdiction to grant the writ.

It follows that the application to proceed in forma pauperis must be denied. Pothier v. Rodman, 261 U.S. 307, 43 S.Ct. 374, 67 L.Ed. 670.

Petition to proceed in forma pauperis is denied.