**GILMORE v. UNITED STATES (two cases).**

Nos. 12159, 12160.

Circuit Court of Appeals, Eighth Circuit.

Dec. 14, 1942.

Rehearing Denied Jan. 5, 1943.

Dewey Gilmore pro se and E. C. Haseltine, of Springfield, Mo., for appellant.

Clinton R. Barry, U. S. Atty., and Thomas C. Pitts and Charles A. Beasley, Jr., Asst. U. S. Attys., all of Fort Smith, Ark., for appellee.

Before STONE, SANBORN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

These appeals are from an order denying the appellant leave to proceed in forma pauperis on his motion to vacate two judgments of conviction entered against him on January 14, 1936.

Dewey Gilmore, the appellant, is an inmate of the United States Penitentiary at Alcatraz, California. He is serving concurrent sentences imposed by the United States District Court for the Eastern District of Oklahoma and by the United States District Court for the Western District of Arkansas for offenses growing out of the robbery of banks within the respective jurisdictions of those courts. The longest term of imprisonment which, under any sentence, he is required to serve, is ninety-nine years for killing an officer in Muskogee, Oklahoma, while attempting to free himself and his associates from confinement. See Gilmore v. United States, 10 Cir., 124 F.2d 537.

Among the sentences referred to are those based upon judgments of conviction entered upon the appellant's pleas of guilty to two indictments returned to the United States District Court for the Western District of Arkansas on June 21, 1935, charging him and others with offenses incidental to the robbery of the City National Bank of Fort Smith, Arkansas, and to the robbery of the McElroy Bank and Trust Company at Fayetteville, Arkansas. On January 10, 1936, appellant entered pleas of not guilty to these indictments,

and the court appointed counsel to advise and to defend him. On January 14, 1936, appellant, who was then represented by two attorneys, withdrew his pleas of not guilty and entered pleas of guilty. Judgments of conviction were entered on that day, and sentences were imposed. The aggregate term of imprisonment under these sentences was twenty-five years, which was much less than the maximum term which the court could lawfully have imposed.[1]

The judgments were not appealed from, and no proceedings were commenced during the term at which they were entered to set them aside or to modify them. The judgments remained unchallenged until September 6, 1941, when appellant, in forma pauperis, filed a motion to vacate them upon the ground that they were void because, in the proceedings leading to the return of the indictments and to the entry of the judgments, the constitutional rights of appellant to due process of law and to the assistance of counsel, and his constitutional privilege to immunity from self-incrimination, were violated. The assertions contained in his motion are, in substance, that he was unfairly induced and coerced to testify before the grand jury which returned the indictments, by promises of Government agents and officers that if he would testify and would enter pleas of guilty he would receive a light sentence, possibly not more than five or ten years; that he was not advised of his constitutional right to refuse to give testimony against himself; that he needed, but did not have, the advice and assistance of counsel while he was appearing as a witness before the grand jury; that the testimony which he gave was not voluntarily given, and was not given under any effective waiver of his immunity from self-incrimination and of his right to the assistance of counsel; and that, while the court appointed counsel for him after the indictments were returned, this was done only three days before his pleas of guilty were entered, and their advice was ineffectual, and that when, on the advice of counsel, he withdrew his pleas of not guilty and entered pleas of guilty, he did not know and was not informed that

his having testified before the grand jury which indicted him was a complete defense.

On September 9, 1941, the court below, after considering the motion of the appellant, filed an opinion in which it was stated that none of his constitutional rights had been infringed, as alleged by him, and that, at the time the judgments were entered, the court had jurisdiction of his person and of the subject matter of the indictments. The court entered an order denying the appellant leave to proceed in forma pauperis on his motion to vacate the judgments. He has appealed from that order.

■ A federal court will not grant leave to a poor person to proceed in forma pauperis, under § 832, Title 28, U.S. C.A., if it is clear that the proceeding which he proposes to conduct is without merit and will be futile. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 45, 35 S.Ct. 236, 59 L.Ed. 457; Pothier v. Rodman, 261 U.S. 307, 309, 43 S.Ct. 374, 67 L.Ed. 670; De Groot v. United States, 9 Cir., 88 F.2d 624; Phillips v. McCauley, 9 Cir., 92 F.2d 790, 791; Fisher v. Cushman, 9 Cir., 99 F.2d 918; Whittle v. St. Louis & S. F. R. Co., C.C., 104 F. 286; De Hay v. Cline, D.C., 5 F.Supp. 630, 631; In re Schulte, D.C., 21 F.Supp. 1016, 1017, 1018.

■ We are of the opinion that the court below was without either power or discretion to vacate, modify or disturb in any way the judgments which the appellant sought to have set aside years after the term at which they were entered had expired, and that therefore the court did not and could not err in denying him leave to proceed as a poor person.

■ "In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term. Hudson v. Guestier, 7 Cranch 1, 3 L.Ed. 249; Cameron v. McRoberts, 3 Wheat. 591, 4 L.Ed. 467; Ex parte Sibbald, 12 Pet. 488, 492, 9 L.Ed. 1167, 1169; Bank of United States v. Moss, 6 How. 31, 38, 12 L.Ed.

---

[1] The maximum penalty for the most serious offense included in the indictments, forcible robbery of a bank accompanied by kidnapping (12 U.S.C.A. § 588c), had the appellant been tried and convicted, and had the jury so directed, was death. Upon his pleas of guilty, the court could have imposed a life sentence.

331, 334; Bronson v. Schulten, 104 U.S. 410, 415–417, 26 L.Ed. 797, 799, 800; Phillips v. Negley, 117 U.S. 665, 673, 674, 6 S.Ct. 901, 29 L.Ed. 1013–1015; Hickman v. Fort Scott, 141 U.S. 415, 12 S.Ct. 9, 35 L.Ed. 775; Hume v. Bowie, 148 U.S. 245, 255, 13 S.Ct. 582, 37 L.Ed. 438, 440; Tubman v. Baltimore & O. R. Co., 190 U.S. 38, 23 S.Ct. 777, 47 L.Ed. 946; Wetmore v. Karrick, 205 U.S. 141, 149–152, 27 S.Ct. 434, 51 L.Ed. 745, 748–750; In re Metropolitan Trust Co., 218 U.S. 312, 320, 321, 31 S.Ct. 18, 54 L.Ed. 1051, 1054, 1055. There are certain exceptions. In the case of courts of common law—and we are not here concerned with the special grounds upon which courts of equity afford relief, —the court at a subsequent term has power to correct inaccuracies in mere matters of form, or clerical errors, and, *in civil cases,* [italics supplied] to rectify such mistakes of fact as were reviewable on writs of error *coram nobis,* or *coram vobis,* for which the proceeding by motion is the modern substitute." United States v. Mayer, 235 U.S. 55, 66, 67, 35 S.Ct. 16, 19, 59 L.Ed. 129.[2] The rule that a judgment in a civil case cannot be vacated or modified after the term at which it was entered, has been changed by Federal Rules of Civil Procedure rule 6(c), 28 U.S.C.A. following section 723c. Sprague v. Ticonic National Bank, 307 U.S. 161, 169, 170, 59 S.Ct. 777, 83 L.Ed. 1184.

In reaching our conclusion that the court below was without power to vacate the judgments which the appellant asserts are void, we have not overlooked his contention that his motion is to be regarded as an application for a writ of error *coram nobis,* which can properly be made after the expiration of the term at which a judgment was entered, for the purpose of bringing to the attention of the court which entered it fundamental errors of fact which, if known, would have prevented the entry of the judgment.[3] Nor have we disregarded the cases which hold, either expressly or impliedly, that when a court has imposed a sentence which is clearly, and as a matter of law, incorrect upon its face, the court may, after the term at which the sentence was imposed has ended, correct the sentence.[4] Such applications for cor-

---

[2] See, also: Abbott v. Brown, 241 U. S. 606, 609, 36 S.Ct. 689, 60 L.Ed. 1199; Delaware, Lackawanna & Western R. Co. v. Rellstab, 276 U.S. 1, 5, 48 S.Ct. 203, 72 L.Ed. 439; United States v. Benz, 282 U.S. 304, 306–307, 51 S.Ct. 113, 75 L. Ed. 354; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 136, 137, 57 S.Ct. 382, 81 L.Ed. 557; Greyerbiehl v. Hughes Electric Co., 8 Cir., 294 F. 802, 806, certiorari denied 264 U.S. 589, 44 S.Ct. 402, 68 L.Ed. 864; Woods Bros. Const. Co., Inc., v. Yankton County, S. D., 8 Cir., 54 F.2d 304, 308–310, 81 A.L.R. 300; Pattison v. United States, 9 Cir., 2 F.2d 14, 15; Hynes v. United States, 7 Cir., 35 F.2d 734, 735; Fine v. United States, 7 Cir., 67 F.2d 591, 592, 593, certiorari denied 292 U.S. 622, 54 S.Ct. 632, 78 L.Ed. 1478; United States v. Capone, 7 Cir., 93 F.2d 840, 841, certiorari denied, 300 U.S. 651, 58 S.Ct. 750, 82 L.Ed. 1112; Aderhold v. Murphy, 10 Cir., 103 F.2d 492, 493; Gilmore v. United States, 10 Cir., 129 F.2d 199, 202; United States ex rel. Coy v. United States, D.C., 38 F.Supp. 610, 611, 612, affirmed 6 Cir., 124 F.2d 1019, certiorari granted 316 U.S. 652, 62 S.Ct. 1033, 86 L.Ed. 1733, dismissed 316 U.S. 342, 62 S. Ct. 1137, 86 L.Ed. 1517.

[3] Cases referring to a possible limited availability of such a remedy in federal criminal practice are: United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16,

59 L.Ed. 129 (which expressly refrains from holding that it is available); Robinson v. Johnston, 9 Cir., 118 F.2d 998, 1000; Strang v. United States, 5 Cir., 53 F.2d 820, 821; United States v. Port Washington Brewing Co., D.C., 277 F. 306, 313, 314. None of these cases indicates that such a remedy, if available at all, is available to a person convicted upon a plea of guilty who failed to call attention to facts known to him and which could have been known to his counsel and to the court at the time he elected not to stand trial, entered his plea, and submitted himself for judgment and sentence. Compare, Fine v. United States, 7 Cir., 67 F.2d 591, 592, and Gilmore v. United States, 10 Cir., 129 F.2d 199, 202. There is no decision of this Court indicating that a judgment of conviction can be vacated by the trial court in proceedings commenced after the expiration of the term at which the judgment was entered.

[4] Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Gilmore v. United States, 10 Cir., 124 F.2d 537, 538, 539; Meyers v. United States, 5 Cir., 116 F.2d 601, 603; Dimenza v. Johnston, 9 Cir., 130 F.2d 465, 466; Holiday v. United States, 8 Cir., 130 F.2d 988. But see, United States ex rel. Coy v. United States, D.C., 38 F. Supp. 610, 611, 612, affirmed 6 Cir., 124 F.2d 1019.

rection of sentence bear no similarity to the proceeding under consideration, which seeks to nullify judgments and sentences, regular upon their face, which long since became final and have passed beyond the control of the court which entered them.

The order appealed from is affirmed.