James RICHARDSON, Jr., Plaintiff,

v.

Blaine W. HATCH and Howard W. Cavanagh, Defendants.

Civ. A. No. 2780.

United States District Court
W. D. Michigan, S. D.

Sept. 1, 1955.

Michigan serving a life sentence for first-degree murder, filed application for leave to commence and prosecute in forma pauperis a civil action for money damages against Blaine W. Hatch, judge of the thirty-seventh judicial circuit of Michigan, and Howard W. Cavanagh, an attorney employed by the plaintiff to represent him in connection with his motion for a new trial. In his proposed complaint accompanying his application the plaintiff alleges violation of his constitutional rights and asks for damages in the amount of one hundred thousand dollars. His application for leave to proceed in forma pauperis is filed in pursuance of 28 U.S.C.A. § 1915, which provides in part:

"(a) Any court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress. * * *

"(d) The court * * * *may* dismiss the case * * * if satisfied that the action is frivolous or malicious."

The plaintiff's affidavit stating that he is unable to prepay fees and costs or give security therefor is sufficient under the above statute. Therefore, the only question presented is whether his application for leave to file complaint and proceed in forma pauperis in his civil action for damages should be granted.

From the plaintiff's proposed complaint and exhibits attached thereto it appears that in December, 1948, the plaintiff, while represented by W. Reed Orr, a competent attorney appointed by the circuit court, pleaded guilty to the charge of murdering his common-law wife, Gracie Lee Miller, and that after due investigation to determine the degree

James Richardson, Jr., in pro. per.

STARR, Chief Judge.

The plaintiff James Richardson, Jr., an inmate of the State prison of southern

of the crime, Comp.Laws Mich.1948, § 750.318, defendant Blaine W. Hatch as circuit judge determined it to be first-degree murder and sentenced plaintiff to life imprisonment. From the record of the circuit court proceedings set forth in exhibits attached to the plaintiff's proposed complaint it appears that plaintiff admitted having murdered Gracie Lee Miller, and that his only claim of error by defendant Judge Hatch is that he should have been sentenced for second-degree murder instead of first-degree murder.[1] However, from examination of his proposed complaint and exhibits attached, it clearly appears that the crime committed by plaintiff constituted first-degree murder and that the life sentence imposed by the circuit judge was correct, Comp.Laws Mich.1948, § 750.316. It further appears that in all proceedings in connection with his arrest, arraignment, conviction, and sentence, plaintiff was accorded due process of law and equal protection of the laws, and that his constitutional rights were not in any way invaded. It appears that the plaintiff employed Howard W. Cavanagh, a competent attorney of ability and long experience, to represent him in connection with his motion for a new trial, and his proposed complaint and exhibits make no showing of any facts which would justify his proposed action for damages against Cavanagh.[2]

■ It further appears that the plaintiff's motion for a new trial was denied and that the Supreme Court of Michigan denied his application for leave to appeal. From careful examination of his complaint and attached exhibits it is clear that plaintiff's proposed action against the defendants for money damages is wholly without merit and is frivolous and malicious.

■ Under the above-quoted provisions of the statute, 28 U.S.C.A. § 1915, a district court, in the exercise of judicial discretion, may authorize or refuse to authorize the commencement and prosecution of an action without prepayment of fees and costs or the giving of security therefor. The law is well established that a Federal court should not grant a plaintiff leave to file a complaint and proceed in forma pauperis where it is clear that his proposed action is wholly without merit and will be futile, or is frivolous or malicious. In Gilmore v. United States, 8 Cir., 131 F.2d 873, 874, the court said:

"A federal court will not grant leave to a poor person to proceed in forma pauperis, under § 832 [now § 1915], Title 28, U.S.C.A., if it is clear that the proceeding which he proposes to conduct is without merit and will be futile. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 45, 35 S.Ct. 236, 59 L.Ed. 457; Pothier v. Rodman, 261 U.S. 307, 309, 43 S.Ct. 374, 67 L.Ed. 670; De Groot v. United States, 9 Cir., 88 F.2d 624; Phillips v. McCauley, 9 Cir., 92 F.2d 790, 791; Fisher v. Cushman, 9 Cir., 99 F.2d 918; Whittle v. St. Louis & S. F. R. Co., C.C., [8 Cir.] 104 F. 286; De Hay v. Cline, D.C., 5 F.Supp. 630, 631; In re Schulte, D.C., 21 F.Supp. 1016, 1017, 1018."

In the case of Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18, in considering an application for leave to proceed in forma pauperis the court said:

---

1. It may be noted that Comp.Laws Mich. 1948 § 750.316 provides for a sentence of life imprisonment at hard labor for first-degree murder and that § 750.317 provides for a sentence of life imprisonment, or for any term of years, in the discretion of the court for second-degree murder; the difference being that under a sentence for first-degree murder the convicted person would not be subject to parole, while under a sentence for second-degree murder he could be paroled after serving 10 years. Comp. Laws Mich.1948, § 791.32.

2. In re immunity of judges, attorneys, and public officials from liability for damages, see Kenney v. Fox, D.C., 132 F.Supp. 305, and Copley v. Sweet, D.C., 133 F. Supp. 502, and authorities cited therein.

"This statutory privilege of filing a suit without prepaying costs is conferred only upon a citizen who is 'entitled to commence' a suit. In a sense it may be said that one is always entitled to commence any suit, even a suit which asserts no claim upon which relief can be granted. But the quoted phrase in its context cannot reasonably be interpreted so broadly. The statute is not intended to confer the privilege of commencing, without prepaying costs, a suit which is plainly without merit."

In Johnson v. Hunter, 10 Cir., 144 F. 2d 565, 566, in denying a petition for leave to proceed without payment of costs, the court said:

"Attached to the Petition for Leave to Appeal filed herein is a copy of the original Petition for Writ of Habeas Corpus and copies of the orders entered by the District Court. Both orders were based by the District Court solely upon the proposition that the Petition for Writ of Habeas Corpus fails to disclose that petitioner has a meritorious cause and that it presented no issue of fact upon which the petitioner is entitled to a hearing under the rule announced in Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

"A District Court is not required to permit a poor person to file a petition without payment of costs unless there is a showing of merit. Whittle v. St. Louis & San Francisco R. Co., C.C., 104 F. 286; Kinney v. Plymouth Rock Squab Co., 236 U. S. 43, 35 S.Ct. 236, 59 L.Ed. 457."

In the case of In re Schulte, D.C., 21 F.Supp. 1016, 1017, in denying the petition of an inmate of a United States Public Health Service hospital the right to proceed in forma pauperis, the court said:

"It is a familiar rule that, in order for a person to be permitted to proceed in forma pauperis in matters of this kind, the petition which he proposes to file must disclose that he has a cause of action sufficiently meritorious to justify the allowance of the request. United States [ex rel. Berger] v. Uhl, D.C., 262 F. 226; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Phillips v. McCauley, 9 Cir., 92 F.2d 790; Christianson v. Zerbst, Warden, 10 Cir., 89 F.2d 40.

"Obviously, if the petitioner's application for a writ of habeas corpus discloses no meritorious cause of action, it would be no advantage to him to be permitted to file it in forma pauperis for the reason that the writ would have to be discharged, if issued."

However, it may be noted that in United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, the court held that in the interest of orderly procedure and so that there might be a proper court record, the district court should have permitted an inmate of the Illinois State penitentiary to file a complaint in forma pauperis, and if there was no merit in the complaint and it presented no substantial question worthy of consideration, the district court should promptly have dismissed the action without requiring an answer or return. Furthermore, in the case of Higgins v. Steele, 8 Cir., 195 F.2d 366, 369, the court said:

"In the interest of orderly procedure and of keeping proper court records, it *may* be advisable to permit the petitioner to file his petition if it is one which the court has jurisdiction to entertain, and then to dismiss it 'if satisfied that the action is frivolous or malicious.' 28 U.S.C. A. § 1915(d). But there is no reason why a respondent in a patently frivolous proceeding should be called upon to make a return or answer, or why an appeal in forma pauperis should be allowed a petitioner from an order dismissing such a proceeding or denying the relief prayed for. The District Court may, however, we think, for the sake of the record,

permit the filing of a notice of appeal without prepayment of costs, even in a frivolous case, before certifying that the appeal is not taken in good faith, in order to avoid any controversy as to the time when the notice was received by the Clerk. * * *

"The federal courts should, we think, do all that reasonably and lawfully may be done to dispose of petitions for habeas corpus, and kindred proceedings, which are patently frivolous or obviously without merit, as expeditiously and with as little trouble and expense to the respondents as possible. While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings."

While recognizing the holding in the above Morris and Higgins cases that a district court should permit a complaint to be filed in forma pauperis and then dismiss the complaint without requiring return or answer if it appears to be wholly without merit, this court, nevertheless, is of the opinion that such procedure is purposeless and was not intended by the framers of the forma pauperis statute. That statute, which provides that the court "may authorize the commencement * * * of any suit" clearly indicates that the court in the exercise of judicial discretion should determine whether the proposed action sought to be begun and prosecuted in forma pauperis is meritorious or whether it is without merit or is frivolous or malicious. If the complaint in the proposed action is wholly without merit or frivolous or malicious, the district court should deny the application for leave to proceed in forma pauperis. It would be a useless gesture and poor procedure to grant an application to commence and prosecute in forma pauperis an action shown by the complaint to be without merit or frivolous or malicious and then to dismiss the action. This court is in accord with the holding in Gilmore v. United States, supra, and other authorities hereinbefore cited, that a Federal court should not grant leave to file a complaint and proceed in forma pauperis where it clearly appears that the proposed action is wholly without merit and would be futile, or is frivolous or malicious.

In the present case the plaintiff's complaint clearly shows that his proposed action for money damages against Judge Hatch and attorney Cavanagh is wholly without merit, would be futile, and is frivolous and malicious. It would be misleading, purposeless, and unsatisfactory procedure to grant the plaintiff leave to file his complaint and proceed in forma pauperis, the court knowing well that the complaint and action would eventually be dismissed as being without merit and frivolous and malicious. Furthermore, it would place an unjust burden on the defendants to serve them with this meritless complaint, which would require their answer, or motion to dismiss and a hearing thereon.

As the plaintiff's complaint clearly indicates that his proposed action against the defendants for money damages is wholly without merit and is frivolous and malicious, his application for leave to file his complaint and proceed in forma pauperis is denied, and an order will be entered accordingly.